UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA SHARON BURCHFIELD, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00847-MTS |
| CITY OF BERKELEY POLICE DEPARTMENT, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Lisa Sharon Burchfield, a self-represented litigant, moves for a temporary restraining order and preliminary injunction. Doc. [7]. Under Federal Rule of Civil Procedure 65, such relief is an extraordinary remedy, appropriate only upon a clear showing of irreparable harm. *See Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 318–19 (8th Cir. 2009). Having reviewed the Motion and considered the proper standard, the Court finds no basis for immediate injunctive relief. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (listing factors to consider).

Even construing the Motion liberally, Burchfield fails to demonstrate a likelihood of success on the merits or an immediate threat of irreparable harm. *See id.* Her motion consists of broad and conclusory allegations of police harassment, unlawful ticketing in 2023, and an alleged assault by a Berkeley police officer in August 2025. Doc. [7] at 1–3. These allegations concern past events and do not establish any immediate, non-speculative threat of future irreparable injury. *See H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023).

Furthermore, Burchfield's requested relief—including prohibiting any officer from approaching or contacting her and imposing a 300-yard exclusion zone around her home, vehicle, and workplace—is sweeping, unsupported by factual detail, and beyond the scope of emergency relief available under Rule 65.  Additionally, to the extent Burchfield seeks to enjoin an upcoming municipal proceeding or obtain injunctive relief against a judicial officer acting in a judicial capacity, such relief is unavailable as a matter of law.  *See* 42 U.S.C. § 1983 (limiting injunctive relief against judicial officers); *see also Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 479–81 (8th Cir. 1998) (holding federal courts may not interfere with ongoing state or municipal proceedings absent bad faith, harassment, or other extraordinary circumstances (applying *Younger v. Harris*, 401 U.S. 37 (1971))).

Because Burchfield has not shown circumstances warranting emergency or preliminary relief, the Court will deny her Motion.  The Court will address Burchfield's Complaint and Motion to Proceed *in Forma Pauperis* in the ordinary course.

Accordingly,

**IT IS HEREBY ORDERED** that Burchfield's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. [7], is **DENIED**.

Dated this 9th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE