**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LISA SHARON BURCHFIELD,          )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          Case No. 4:25-cv-0847-MTS
                                 )
CITY OF BERKELEY POLICE          )
DEPARTMENT, *et al.*,            )
                                 )
          Defendants.            )

## MEMORANDUM AND ORDER

Last year, Lisa Sharon Burchfield, a self-represented litigant, filed her Complaint, Doc. [1], and a Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2].  The Court denied her Motion without prejudice because she failed to provide complete financial information.  Doc. [4]; *see also* 28 U.S.C. § 1915(a)(1).  In response, Burchfield filed an Amended Motion to Proceed *in Forma Pauperis*.  Doc. [5].  For the reasons explained below, the Court will grant Burchfield's Amended Motion and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    Filing Fee

Congress mandates that federal district courts collect a filing fee from a party instituting any civil action, suit, or proceeding.  28 U.S.C. § 1914(a).  Courts may waive prepayment of this fee for individuals who properly demonstrate an inability to pay.  *Id.* at § 1915(a)(1).  When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.  Having reviewed Burchfield's Amended Motion and supporting financial

information, the Court finds that she is unable to pay the costs associated with this action. The Court therefore will grant the Motion and waive prepayment of her filing fee.

## II.    Background

Burchfield sues the City of Berkeley Police Department, Captain Alleygood, Sergeant Cherry, Officer Johnson, Unknown Sergeants, and St. Louis County under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Doc. [1] at 1–2, 6–7.  She alleges that in April 2023, Sergeant Cherry issued her five citations for building and occupancy code violations at her home, despite lacking authority to enforce such codes.  *Id.* at 2–3.  Officer Johnson allegedly visited her residence two days later "to reissue or correct" the citations and subsequently mailed them to her despite her protests.  *Id.* at 3.

According to Burchfield, on March 28, 2024, Berkeley Police officers visited her home at 2:30 a.m. in response to complaints from a white neighbor regarding vehicle registration and property status.  *Id.* at 2.  Burchfield states that the officers left "the white neighbor undisturbed," and falsely asserted that no occupancy permit existed in 2018.  *Id.* at 3.  Burchfield does not explain the relevance of the 2018 permit to the 2024 citations.

Burchfield claims that Defendants discriminated against her because of her race.  *Id.* at 4.  She further states that she is "disabled due to mental illness" and alleges that Defendants failed to accommodate her or consider her medical status during their enforcement actions.  *Id.* at 1, 4, 6.

For relief, Burchfield seeks compensatory and punitive damages, as well as declaratory and injunctive relief.  *Id.* at 6–7.  She states that a civil action related to her

2

occupancy permits and citations remains ongoing.  *Id.* at 3.  *See also City of Berkeley v. Burchfield*, No. 24L3-MU00340 (Mo. 21st Cir. Ct.).

### III.    Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court may dismiss a complaint filed *in forma pauperis* if the action "fails to state a claim on which relief may be granted."  *See also Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam) (explaining that "under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike"); *Dease v. Webb*, 791 F. App'x 744, 746 n.4 (10th Cir. 2019) (similar).  To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Liberal construction means that, if the Court can discern "the essence of an allegation," it should

3

construe the complaint in a way that permits consideration of the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, still state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court does not assume unalleged facts, *Stone*, 364 F.3d at 914–15, or excuse compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## IV.    Discussion

Burchfield's complaint does not explicitly state whether she sues Captain Alleygood, Sergeant Cherry, Officer Johnson, or Unknown Sergeants in their official or individual capacities. The Court must therefore consider the course of proceedings to determine capacity. *See S.A.A. v. Geisler*, 127 F.4th 1133, 1138 (8th Cir. 2025) (en banc).

Here, Burchfield specifically requests punitive damages and separately names St. Louis County and the Berkeley Police Department. Doc. [1] at 7. Because § 1983 bars punitive damages against individuals sued in their official capacities, her request for punitive damages signals an intent to pursue individual-capacity claims. *See Geisler*, 127 F.4th at 1139 (listing a request for punitive damages among the relevant factors in a capacity determination). And because Burchfield names St. Louis County and the Berkeley Police Department, any official-capacity claims against the individual defendants would be redundant. *See King v. City of Crestwood*, 899 F.3d 643, 650 (8th Cir. 2018). Accordingly, the Court construes the Complaint to assert only individual-capacity claims

4

against the individual defendants.  Even so, for the reasons discussed below, the Complaint fails to state a claim on which relief may be granted.

> A.    *Younger* Abstention

To the extent Burchfield seeks an injunction against further enforcement actions or to void the municipal citations, the Court must abstain from exercising jurisdiction.  Under the *Younger* abstention doctrine, federal courts generally cannot exercise jurisdiction over cases that would interfere with ongoing state or municipal civil enforcement proceedings that involve important state interests.  *Younger v. Harris*, 401 U.S. 37, 43–45 (1971).

Burchfield explicitly states that the "civil court case related to the occupancy permits and unlawful citations is ongoing, with approximately five trials held since April 2023."  Doc. [1] at 3.  Local housing and occupancy codes represent an important municipal interest, and the state/municipal court system provides Burchfield an adequate opportunity to raise her constitutional defenses.  *See Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 480 (8th Cir. 1998).

While a federal court may interfere where a state proceeding was initiated in bad faith or for purposes of harassment, the exception is narrow and applies only in "extraordinary circumstances."  *Plouffe v. Ligon*, 606 F.3d 890, 892–94 (8th Cir. 2010).  Burchfield's assertions regarding the 2:30 a.m. visits and the "stacking" of citations do not meet this high bar, as they describe a standard—albeit vigorous—code enforcement response to a neighbor's complaints.  Because the underlying enforcement action remains active and no exception applies, the Court dismisses Burchfield's claims for declaratory and injunctive relief.  *See Younger*, 401 U.S. at 43–45.

B.      Berkeley Police Department

Burchfield's claim against the City of Berkeley Police Department also must be dismissed.  A police department, as a subdivision of local government, is not a distinct suable entity under § 1983.  *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).  Accordingly, the Court will dismiss Burchfield's claims against the City of Berkeley Police Department.

C.      St. Louis County

Burchfield also names St. Louis County as a Defendant.  A local governing body like St. Louis County may be sued under § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a municipality cannot be held liable solely because it employs a tortfeasor; liability only attaches where a constitutional violation results from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Burchfield attempts to establish a pattern of misconduct by citing the 2014 shooting of Antonio Martin and other fatal police encounters in Berkeley.  *See* Doc. [1] at 5.  But these incidents involve the use of lethal force, which is factually and legally distinct from the code enforcement and citation issues alleged here.  Burchfield fails to allege any specific policy or widespread custom of St. Louis County regarding the discriminatory enforcement of occupancy permits or building codes.  Because she relies on "threadbare recitals" of municipal liability without a direct causal link to her specific injuries, the Court will dismiss the claims against St. Louis County.  *See Iqbal*, 556 U.S. at 678; *see also Harris v. St. Louis County*, 4:25-cv-1017-MTS, 2026 WL 496698, at *1 (E.D. Mo. Feb.

23, 2026) (recognizing that "pleading a plausible *Monell* claim" is an "often-difficult hurdle" for plaintiffs to clear).

     D.     Captain Alleygood

Burchfield alleges that Captain Alleygood violated her rights by delaying the processing of her police complaint for approximately one year. Doc. [1] at 4. These allegations fail to state a cognizable constitutional claim. The Eighth Circuit holds that a "negligent failure to investigate does not violate due process." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007). Because Burchfield possesses no federal constitutional right to an internal police investigation, Alleygood's alleged failure to act on her complaint does not implicate the Due Process Clause. The Court therefore will dismiss the claims against Alleygood.

     E.     Sergeant Cherry and Officer Johnson

Burchfield's claims against Sergeant Cherry and Officer Johnson regarding "unlawful citations" and "harassment" also fail to survive initial review. To state a § 1983 claim, Burchfield must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Burchfield fails to allege facts showing the officers lacked a colorable legal basis for the citations or that they targeted her for a reason prohibited by the Constitution. Although Burchfield characterizes the 2:30 a.m. visits and the issuance of multiple citations as harassment, she admits that the officers arrived in response to a neighbor's complaint.

Burchfield also fails to state an Equal Protection claim because she does not identify a similarly situated comparator or plead facts suggesting a discriminatory purpose. The

7

"first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018).  To satisfy this threshold, a plaintiff must show she was treated differently than others who were "similarly situated in all relevant respects." *Flowers v. City of Minneapolis*, 558 F.3d 795, 798 (8th Cir. 2009).  Burchfield alleges that officers did not "disturb" her neighbors, but she does not allege that those neighbors were engaged in the same conduct or were the subjects of similar investigations.

Furthermore, to state a plausible equal-protection violation, a plaintiff must "allege an intent to discriminate." *In re Kemp*, 894 F.3d at 910.  "[P]roof of discriminatory racial purpose is required to establish an equal protection violation." *Id.* (quoting *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987)).  Burchfield's Complaint offers only "conclusory allegations" regarding the officers' motivations, which are "insufficient to establish racial animus." *See id.*  Her subjective belief that the officers acted with racial animus, without supporting factual content, is a "naked assertion" that fails to state a claim. *See Iqbal*, 556 U.S. at 678.

F.    ADA and Rehabilitation Act

Burchfield also fails to state a claim under Title II of the ADA or the Rehabilitation Act.  The ADA and § 504 of the Rehabilitation Act are "similar in substance" and "cases interpreting either are applicable and interchangeable." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998) (quoting *Allison v. Dep't of Corr.*, 94 F.3d 494, 497 (8th Cir. 1996)).  To state a claim under either, a plaintiff must allege that: (1) she is a qualified individual with a disability; (2) a public entity excluded her from participation in or denied her the

8

benefits of its services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability. *Id.*

Even if Burchfield's unspecified mental illness qualifies as a disability, *see Nuzum v. Ozark Auto. Distribs., Inc.*, 432 F.3d 839, 843 (8th Cir. 2005) (noting that to constitute a disability, a plaintiff must show she has an impairment that affects a major life activity and that the effect is a "substantial limitation"), her Complaint fails to allege facts demonstrating that Defendants' actions were motivated by that disability or that she was denied meaningful access to a public service. According to the Complaint, the Berkeley Police Department responded to her residence because of "complaints from a white neighbor who falsely alleged" various code violations. Doc. [1] at 2–3. By Burchfield's own account, the reason for the police visits and subsequent citations was the neighbor's report, not her mental illness. *Id.* The Court cannot infer from these allegations that Defendants acted because of her disability. *See Iqbal*, 556 U.S. at 678.[*]

Furthermore, Burchfield fails to state a plausible claim for failure to accommodate. To prevail, a plaintiff must show she was denied "meaningful access" to a public entity's services. *See Bahl v. County of Ramsey*, 695 F.3d 778, 784 (8th Cir. 2012). This inquiry is "highly fact-specific" and requires a court to consider whether the public entity "ignored a specific request for more effective communication or refused a specific request" for a modification. *Id.* at 784–86. Burchfield's Complaint contains only a conclusory allegation

---

[*] Indeed, Plaintiff's Complaint would "fail[] 'even under the less restrictive mixed-motive causation standard.'" *Davis v. Chenega Corp.*, 4:24-cv-1381-MTS, 2024 WL 5106473, at *2 (E.D. Mo. Dec. 13, 2024) (quoting *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 756–57 n.6 (8th Cir. 2016)).

that Defendants "failed to accommodate or consider her disabilities."  Doc. [1] at 4.  She does not identify any specific auxiliary aid or service she requested; nor does she allege that her disability prevented her from understanding the citations or participating in the code enforcement process.  Because the Complaint lacks factual allegations that plausibly demonstrate discriminatory intent or that Defendants failed to accommodate her condition, Burchfield's Complaint fails to state a claim under ADA or the Rehabilitation Act.  *See Iqbal*, 556 U.S. at 678.

G.   Unknown Sergeants

Finally, Burchfield's claims against Unknown Sergeants fail for reasons already discussed.  She alleges no specific conduct by any individual sergeant, and the Court will not assume unalleged facts.  *Stone*, 364 F.3d at 914–15; *McCormack v. Nat'l Collegiate Athletic Ass'n*, 845 F.2d 1338, 1343 (5th Cir. 1988) ("We take the allegations of the complaint to be true, but we do not assume facts that the plaintiffs have not alleged.").  Vague references to unidentified officers, without particularized allegations, do not satisfy that standard.  *See Iqbal*, 556 U.S. at 678.

V.   **Conclusion**

For the foregoing reasons, the Court will grant Burchfield's Amended Motion to Proceed *in Forma Pauperis*, Doc. [5], and will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Burchfield's Amended Motion to Proceed *in Forma Pauperis*, Doc. [5], is **GRANTED**.

10

An Order of Dismissal, which will dismiss this action without prejudice, will be filed herewith.

Dated this 12th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE